UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME S LOUIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. C19-56 MJP<br><br>ORDER ON MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion to Supplement the Administrative Record (Dkt. No. 16),

2. Defendant's Opposition to Plaintiff's Motion to Supplement the Administrative Record (Dkt. No. 20),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Plaintiff has moved the Court to supplement the administrative record in this matter with:

1. Additional medical records

2. A five-page "detailed description of plaintiff's job"

3. A disability determination from the Social Security Administration

Dkt. No. 16 at 2-3.

Plaintiff's motion is not well-taken. In the first place, the Court's Scheduling Order clearly indicates that the deadline for discovery in this matter was July 19, 2019 (Plaintiff's motion was filed on August 29, 2019), with a deadline for discovery motions of June 19, 2019. Dkt. No. 13. Plaintiff's motion, filed after the close of discovery, the deadline for filing motions, and Defendant's filing of a motion for judgment on the record (Dkt. No. 14), is untimely.

Furthermore, evidentiary reviews in ERISA benefits dispute are traditionally limited to the administrative record. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999). Exceptions are permitted in "certain limited circumstances:"

> [C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

Opeta v. NW Airlines Pension Plan, 484 F.3d 1211, 1217 (9th Cir. 2007). Plaintiff's requested supplemental materials satisfy none of these criteria. The documents appear to have been in his possession during the administrative process and Plaintiff does not assert he was prevented in any way from offering them as evidence during that process or during the discovery period.

Further, Plaintiff has made no showing that the additional evidence "is *necessary* to conduct an adequate de novo review of the benefit decision." Opeta, id. (emphasis in original).

Five of the six medical records were created from July 10, 2107 to August 31, 2017; i.e., before the Elimination Period. There is no explanation of why his Job Description is necessary for the Court's review (or, again, why it could not have been produced during the administrative process). And, under circumstances in which this Court will not be reviewing the same record analyzed by the ALJ in the SSA decision which Plaintiff seeks to introduce, it would be at best "somewhat relevant" in determining whether the correct result was reached in the denial of Plaintiff's benefits by his insurer. *See* Reetz v. Hartford Life & Accident Ins. Co., 296 F.Supp. 3d 1261, 1265 (W.D. Wash. 2017).

## Conclusion

Plaintiff has failed to establish the existence of the "certain limited circumstances" which would permit him to introduce the supplemental information he requests. His motion is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 17, 2019.

Marsha J. Pechman
United States Senior District Judge